UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN OPALENIK JR. and DIANE R. OPALENIK, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID J. LABRIE et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> *    Civil Action No. 11-30065-MGM <br> * <br> * <br> * |

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTION FOR A NEW TRIAL
(Dkt. No. 204)

July 15, 2015

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Presently before the court is a second motion for a new trial filed by Stephen Opalenik and Diane Opalenik ("Plaintiffs"). Following a jury verdict entered on November 1, 2013 in favor of Mark Dominick and David Bertera ("Defendants") (Dkt. No. 196), and an initial motion for a new trial filed by Plaintiffs approximately one month after judgment entered (Dkt. Nos. 199 and 203), Plaintiffs filed the instant motion on April 27, 2015. Plaintiffs assert the judgment is void under Fed. R. Civ. P. 60(b)(4) because they never consented to proceed before a magistrate judge and their attorneys at the time never discussed the issue with them. For the reasons which follow, the court will deny Plaintiffs' motion.

II. BACKGROUND

A more comprehensive recitation of the background of this litigation is set out in Magistrate Judge Neiman's decision on Plaintiff's initial motion for a new trial (see Dkt. No. 203) and his

decision on motions for summary judgment filed by the various defendants, see Opalenik v. LaBrie, 945 F. Supp. 2d 168 (D. Mass. 2013). For present purposes, however, the following background suffices. Plaintiffs filed this action, represented by counsel at the time, on March 11, 2011. (Dkt. No. 1.) After amending their complaint twice, Plaintiffs, through counsel, consented to have Magistrate Judge Neiman "conduct all further proceedings in this case, including bench or jury trial, and order the entry of final judgment, with direct review by the First Circuit Court of Appeals if any appeal is filed," in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. (Dkt. No. 29-2.)[1] The various defendants also consented (through counsel) to Magistrate Judge Neiman's jurisdiction, and he presided over this case throughout the litigation. (Dkt. Nos. 28, 29-1.)

In March of 2012, Magistrate Judge Neiman granted, with the assent of Plaintiffs, their counsel's motion for leave to withdraw from the case. (Dkt. No. 40; March 26, 2012 Electronic Order.) Thereafter, Plaintiffs proceeded to litigate the case pro se. Until the instant motion, there is no indication that Plaintiffs ever questioned Magistrate Judge Neiman's jurisdiction to preside over the case for all purposes or the propriety of the consent given on Plaintiffs' behalf by their former attorneys. Plaintiffs, it should be noted, were actively involved in the litigation and, in fact, successfully staved off summary judgment as to a claim for an unconstitutional search by Defendants. Opalenik v. LaBrie, 945 F. Supp. 2d at 185, 197. Ultimately, however, a jury found in favor of Defendants on this claim at trial and judgment entered in their favor. (Dkt. Nos. 196-197.) After Plaintiffs filed the instant motion, the case was reassigned to this court.[2]

---

[1] This consent was accomplished through a form utilized by the District of Massachusetts for cases which are initially assigned to a magistrate judge, rather than a district judge. The form was provided to Plaintiffs' counsel on March 14, 2011, upon Magistrate Judge Neiman's assignment to the case. (Dkt. No. 2.)
[2] Magistrate Judge Neiman retired from active service on January 5, 2015.

III. S<small>TANDARD OF</small> R<small>EVIEW</small>

"[R]elief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. . . . Finality is an important element in the judicial process, and setting aside a final judgment requires more than the frenzied brandishing of a cardboard sword." <u>Nansamba v. Shore Med. Ctr., Inc.</u>, 727 F.3d 33, 37 (1st Cir. 2013) (internal citation and quotation marks omitted). "A party seeking such relief must demonstrate 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." <u>Id.</u> (quoting <u>Fisher v. Kadant, Inc.</u>, 589 F.3d 505, 512 (1st Cir. 2009)). With respect to the particular sub-paragraph of Rule 60(b) invoked by Plaintiffs, "[a] judgment is void, and therefore subject to being set aside under Rule 60(b)(4), only if the court lacked jurisdiction or committed a plain usurpation of power constituting a violation of due process." <u>Indianapolis Life Ins. Co. v. Herman</u>, 204 Fed.Appx. 908, 910 (1st Cir. 2006).

IV. A<small>NALYSIS</small>

Plaintiffs' initial assertion—that the court has no record of their consent to proceed before a magistrate judge—is clearly incorrect. As noted, Plaintiffs, through their counsel, affirmatively consented to Magistrate Judge Neiman's jurisdiction by filling out the consent form provided at the initiation of the litigation. This form was docketed, has been available to all the parties throughout the litigation, and was relied upon by Magistrate Judge Neiman (and presumably Defendants) as the basis for his jurisdiction to preside over the case for all purposes, including trial and final judgment. (Dkt. No. 29-2.)

Plaintiffs' next assertion is that neither their attorneys nor the court informed them of the option to consent or decline to consent to Magistrate Judge Neiman's jurisdiction and, therefore,

3

any consent by their attorneys was ineffective. This assertion does not entitle them to Rule 60(b)(4) relief. Numerous courts have explained that "[a]n attorney's consent on behalf of his or her client binds the client," as "the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute." Zerega Avenue Realty Corp. v. Hornbeck Offshore Transport., 2011 WL 70593, *2 (S.D.N.Y. Jan. 10, 2011) (internal quotation marks omitted) (collecting cases). Indeed, the First Circuit has repeatedly stated that "[v]isiting the sins of the attorney . . . on the client is of course inherent in the nature of the adversary system." Vallejo v. Santini-Padilla, 607 F.3d 1, 9 (1st Cir. 2010) (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 n.5 (1st Cir. 1990)); see also Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962))).

Section 636(c)(1) of Title 28 provides the authority for a magistrate judge's consent jurisdiction over all proceedings in a civil matter.[3] Rule 73 of the Federal Rules of Civil Procedure implements section 636 and governs proceedings that have been referred to a magistrate judge.[4]

---

[3] In relevant part, that provision provides:
> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States Magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1).

[4] Rule 73(a) provides: "When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. A record must be made in accordance with 28 U.S.C. § 636(c)(5)." Fed. R. Civ. P. 73(a). In addition, sub-paragraph (b)(1) of Rule 73 provides in relevant part: "When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written

Neither provision, however, specifies the required consent must occur through the client, rather than the attorney representing the client.  In a similar vein, the Supreme Court held in Roell v. Withrow, 538 U.S. 580 (2003), that a party's consent need not even be express, despite Rule 73(b)(1)'s reference to "fil[ing]" a document signifying consent; instead, it may be implied "through actions rather than words." Id. at 589.  In the course of doing so, the Court explained:  "We think the better rule is to accept implied consent where, as here, the litigant or counsel, was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." Id. at 590 (emphasis added).  Moreover, the Supreme Court has expressly held that, for a magistrate judge to preside over voir dire and jury selection of a felony criminal trial, under which consent of the parties is required, "consent from an attorney will suffice." Gonzalez v. United States, 553 U.S. 242, 253 (2008).  The Court distinguished that situation from others—namely, the taking of a guilty plea under Federal Rule of Criminal Procedure 11(b), and a magistrate judge's presiding over the whole trial and sentencing in a misdemeanor case under 18 U.S.C. § 3401(b)—in which the governing provisions required express waiver or consent from the defendant himself or herself. Id. at 247.  The Court also explained that "[t]o hold that every instance of waiver requires the personal consent of the client himself or herself would be impractical," in light of the control over trial management traditionally accorded attorneys in our adversary system. Id. at 249-250.

Similarly, here, to hold that a magistrate judge is required to inquire into each individual party's actual consent, despite the existence of a proper consent form completed by counsel on the party's behalf, would be impractical.  Similarly unworkable would be a requirement that parties be provided another opportunity to consent or decline to consent upon their attorney's withdrawal

---

notice of their opportunity to consent under 28 U.S.C. § 636(c).  To signify their consent, the parties must jointly or separately file a statement consenting to the referral."  Fed. R. Civ. P. 73(b)(1).

5

from the case.  "For a litigant to be able to fire his counsel and thereby withdraw previously given consents—whether to trial before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) or to any other stipulation of counsel in the course of litigating a matter—would cause chaos in the trial courts." Woo v. City of New York, 1997 WL 277368, at *5 (S.D.N.Y.  May 27, 1997); cf. Zerega Avenue Realty Corp., 2011 WL 70593, at *3 ("[S]uch an interpretation of Section 636(c) and Rule 73(b) 'would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking.  We will not countenance such fast and loose toying with the judicial system.'" (quoting Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1020-21 (5th Cir. 1987))).

If Plaintiffs wished to withdraw their consent, they should have sought to do so under 28 U.S.C. § 636(c), which allows the court "under extraordinary circumstances shown by any party [to] vacate a reference of a civil matter to a magistrate judge under this section," although, as indicated, it is unlikely that their current arguments would have sufficed.[5] See Zerega Avenue Realty Corp., 2011 WL 70593, at *3; Woo, 1997 WL 277368, at *5.  Instead, Plaintiffs waited over fifteen months after judgment entered before filing the instant motion.  This situation is similar to what the Supreme Court in Roell warned against: "the risk of a full and complicated trial wasted at the option of an undeserving and possibility opportunistic litigant."  Roell, 538 U.S. at 590; see id. (explaining that a rule contrary to implied consent would allow parties "to sit back without a word about their failure to file the form, with a right to vacate any judgment that turned out not to their liking. . . .  Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the

---

[5] To the extent Plaintiffs contend they were unaware of their consent or the method by which they could seek to have it withdrawn, the court notes again that the consent form was available on the docket to all the parties, Plaintiffs appeared on numerous occasions before Magistrate Judge Neiman, and "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." Ruiz v. Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).

luxury of waiting for the outcome before denying the magistrate judge's authority."). Plaintiffs' present arguments must accordingly fail.

IV. CONCLUSION

For these reasons, the court DENIES Plaintiffs' motion for a new trial (Dkt. No. 204). The court also DENIES Defendant Dominick's request for sanctions (Dkt. No. 208), which he requests in his opposition to Plaintiffs' motion for a new trial but did not pursue via an independent motion. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

It is So Ordered.

      /s/ Mark G. Mastroianni
      MARK G. MASTROIANNI
      United States District Judge